CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 27 2008
JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JESSE ALAN LAWRENCE, ) | |
|     Plaintiff, ) | Civil Action No. 7:08-cv-00226 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| SWVRJA ABINGDON FACILITY, ) | By: Hon. Jackson L. Kiser |
|     Defendant. ) | Senior United States District Judge |

Plaintiff Jesse Alan Lawrence, a Virginia inmate presently housed in the Roanoke City Jail in Roanoke, Virginia, brings this pro se action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff seeks unspecified damages against the "SWVRJA [Southwest Virginia Regional Jail Authority] Abingdon Facility"[1] and to be transferred to a Virginia Department of Corrections ("VDOC") facility. Upon consideration of the complaint, I find that plaintiff's claims must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[2]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Whether a complaint states a claim upon which relief can be granted is determined by the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, a complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proved consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly,

---

[1] Plaintiff is advised that a jail is not a "person" who can be sued under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

550 U.S. \_\_\_, slip op. at 8 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically explained, id., slip op. at 18-24, that the Twombly analysis does not run counter to Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), or impose a heightened pleading standard); Teachers' Retirement System of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "a court may dismiss a complaint [for failure to state a claim upon which relief may be granted] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). Although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff alleges that he has been denied access to a law library[3] and has had forms requesting grievance forms returned to him with no response.[4] He also complains that he should be transferred from his present facility to a VDOC facility, and requests that this court order him moved.

Plaintiff's claim of denial of access to a law library fails because plaintiff does not

---

[3] Plaintiff is in transit status, awaiting assignment to a VDOC facility, and was told that he would not "have access to a law library . . . until [he] reached prison." Plaintiff adds that, although defendant "did give [him] the law book," he nonetheless "felt [his] rights were violated" and that he was "disrespected."

[4] Plaintiff's submissions indicate that he requested grievance forms regarding the alleged denial of access to a law library; he received responses that stated, "Ms. Smith gave you the law code book. This provides you adequate assistance," and "Please refer to the previous complaint form regarding this request." A separate request was returned to him, informing him that SWVRJA did "not have Volume 1." Plaintiff's submissions also indicate that he submitted a complaint that did not actually state a grievance, but "informed them what action [he] was taking." In response to his threat to sue and to "contact[] [his] layer is [sic] this matter cause [sic] of how [his] constitutional rights . . . have been broken," plaintiff received the following response: "I do not understand what your question or complain [sic] is on this form. Unless this is just an informational complaint form. If there is a question on this form please let me know. Thank you."

2

demonstrate any injury arising from the alleged denial. Inmates have a right to meaningful access to the courts, which "can be satisfied either by providing inmates with adequate law libraries or with adequate assistance from persons trained in the law." Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993) (citing Bounds v. Smith, 430 U.S. 817, 822 (1977)). To state a claim for denial of access to the courts, plaintiff must establish that the law library or legal assistance was inadequate and that plaintiff suffered an "actual injury or specific harm." Id. at 1084-85. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded."[5] Lewis v. Casey, 518 U.S. 343, 353-55 (1996). (adding that the right to access the court as stated in Bounds "does not guarantee [prisoners] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," that "[t]he tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement," and that "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration"). Plaintiff's claim fails, even assuming that he had been improperly denied access to a law library, because he has not alleged that he sustained an actual injury. Plaintiff does not allege that he was prevented from meeting any deadlines or otherwise prejudiced in any pending litigation,[6] and it is clear that he

---

[5] Given that plaintiff has not yet been assigned a VDOC inmate number, it is implausible to construe his complaint to include a claim that he has been prejudiced from filing a timely challenge to his conviction.

[6] Plaintiff acknowledges that he was provided with the legal resources SWVRJA had on hand, and was informed that he would have better access to legal resources once he was assigned to a VDOC facility. Plaintiff's most recent letter to this court states that, in addition to being unhappy with SWVRJA because of their refusal to provide "83 forms," he also wishes to file a writ of mandamus in the state trial court where he was sentence. Plaintiff states that he wrote to the sentencing court requesting forms for that purpose, but was informed that "they don't carry the petition for writ of mandamus forms." Plaintiff requests that this court provide him "3 copies of
(continued...)

3

has been able to access the courts for the purpose of the instant litigation.[7] Accordingly, he fails to state a claim upon which relief may be granted under § 1983.

Plaintiff's claims of denial of access to the inmate grievance system fail because the Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. Id. Therefore, even if any of SWVRJA's employees acted to deny plaintiff access to the prison grievance system, such an allegation does not state a claim under § 1983.[8]

Regarding plaintiff's request to transfer to a VDOC facility, it is well-settled that inmates do not have a constitutionally protected liberty interest in being housed at any particular institution. Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in any of its prisons"). Further, Virginia's prison housing assignment regulations do not create a liberty interest in a specific prison housing assignment and prison officials have broad discretion to determine the facility where an inmate is housed. Id.; see also Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991) (noting that prison officials should be granted broad discretion in managing prisons safely and effectively). Therefore, plaintiff's due process rights are

---

[6](...continued)
these forms"; however, this court does not have such forms, either.

[7] As of this date, plaintiff has filed documents on four separate dates – March 12, 13, 18, and 24, 2008 – that occupy eight separate entries on the docket in this case.

[8] Moreover, plaintiff's submissions indicate that, contrary to his assertions, he has had unfettered access to the inmate grievance system at SWVRJA, and has in each instance received an appropriate response from SWVRJA staff.

4

not implicated by the progress of his routine housing assignment unless the conditions of his confinement diverge so substantially from expected prison conditions as to create an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff does not contend that the conditions at SWVRJA (or any of the facilities at which he has been housed) have imposed an atypical and significant hardship on him in relation to the ordinary incidents of his life in prison. Thus, a liberty interest is not implicated and this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[9]

For the foregoing reasons, the complaint will be dismissed.[10] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing

---

[9] To the extent plaintiff's claim could be construed as requesting injunctive relief, a district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283, 286-87 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston, 946 F.2d at 343. Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Given that plaintiff's allegations do not state any constitutional claim, plaintiff has not established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff has not alleged facts indicating that he will suffer immediate and irreparable harm in the absence of interlocutory injunctive relief of some kind. Accordingly, plaintiff's request for injunctive relief does not satisfy the "balance of hardships" test, and must be denied.

Insofar as plaintiff's request for injunctive relief could be construed as a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would be effective only until such time as a hearing on a preliminary injunction could be arranged. As it is clear at this juncture that plaintiff has stated no claim of constitutional significance, and is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

[10] To the extent plaintiff believes the instant complaint may have stated a claim under state law, the court declines to exercise supplemental jurisdiction over any state law claim, pursuant to 28 U.S.C. § 1367(c).

5

a notice of appeal with this court within 30 days of the date of entry of this order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This 27th day of March, 2008.

*[signature]*
Senior United States District Judge